IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**LATHA FRAZIER**                                                                    **PLAINTIFF**

v.                                  No. 2:13-CV-002-DPM

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                     **DEFENDANT**

ORDER

**1.** Frazier experienced some significant health problems and applied for disability benefits. This case considers the denial of her second application. Frazier says she is disabled based on COPD, PTSD, thyroid disease, restless leg syndrome, headaches, and manic depression. The dispositive question is whether substantial evidence supports the Commissioner's conclusion that her significant health problems do not prevent her from doing some work.

**2.** Frazier argues error because the Commissioner's ALJ did not identify her headaches, including migraines, as a severe impairment. This omission provides no basis for a remand, or other relief, because Frazier met her burden to show a severe impairment, and her case proceeded to the next step of the disability-determination process. *Bowen v. Yuckert*, 482 U.S. 137, 156 (1987) (O'Connor, J., concurring). No reversible error occurred in any event. The ALJ considered all the medical evidence and all Frazier's impairments in

determining her ability to work. Her headaches were noted by several doctors and the ALJ.

3. Frazier contends the ALJ under-estimated her mental impairment. The ALJ concluded that she can do simple, routine, low-stress, unskilled work, but Frazier says she can do no work. A reasonable mind would accept the psychological examiner's report and the medical experts' opinions as adequate to show that Frazier can work within the limitations the ALJ specified.

The psychological examiner reported that Frazier can cope with the mental and cognitive demands of work-like tasks, although Frazier may have trouble with sustained concentration and persistence. During the relevant time period, Frazier experienced depression and anxiety in a difficult situation — losing legal custody of her sons. But she also said that her psychotropic medication improved her state of mind. Two medical experts reviewed the psychological examiner's report and Frazier's treatment records, and concluded that Frazier can do unskilled work involving few variables and limited interpersonal contact. The ALJ recognized limitations on Frazier's ability to work; she needs low-stress tasks, occasional decision-making, a standardized environment, and few changes in that environment. No medical

evidence supports further limitations in her ability to work.

   4.  Frazier argues that COPD prevents her from standing and walking long enough to do light work, but pulmonary function testing showed only a mild breathing restriction.  Frazier continued to smoke, moreover, despite repeated warnings about the adverse health consequences.  The ALJ limited Frazier to work environments without pulmonary irritants or temperature extremes.  And the vocational expert identified available light-work jobs without exposure to either one.  The vocational expert also identified sedentary jobs requiring little standing or walking, which took into account Frazier's limitations on those fronts.  A reasonable mind would accept this evidence as adequate to show that Frazier can work despite her COPD.

\* \* \*

   The ALJ made no error of law.  Substantial evidence supports the decision that Frazier is not disabled.  The Court affirms.

   So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

*9 December 2013*